UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

SANDRA M. FLESHMAN-MASSEY,

    Plaintiff,

v.                                            CIVIL ACTION NO.  5:21-cv-00443

FIRST-CITIZENS BANK & TRUST COMPANY
and DEBORAH PARKER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiff Sandra Fleshman-Massey's Motion to Remand [Doc. 7], filed August 20, 2021. The matter is ready for adjudication.

### I.

Ms. Fleshman-Massey is a West Virginia citizen. [Doc. 1-1 at 1]. Defendant First-Citizens Bank and Trust Company ("First-Citizens") is a North Carolina citizen. [*Id.*]. Defendant Deborah Parker is a West Virginia citizen. [*Id.*].

On July 1, 2021, Ms. Fleshman-Massey instituted this action in the Circuit Court of Greenbrier County. [Doc. 1-1]. On July 8, 2021, First-Citizens was served. [Doc. 1-1]. On August 5, 2021, it removed on diversity grounds [Doc. 1]. On August 18, 2021, Ms. Parker was served. [Doc. 8 at 2]. Ms. Fleshman-Massey alleges the Defendants discriminated against her based upon age, in violation of the West Virginia Human Rights Act ("WVHRA"). [*Id.* at 2–4]. Ms. Fleshman-Massey also alleges that Ms. Parker "aided, abetted, incited, compelled, and/or coerced" First-Citizens' age-based termination decision. [Doc. 1-1 at 3].

On August 20, 2021, Ms. Fleshman-Massey filed a Motion to Remand. [Doc. 7]. She asserts the parties are not completely diverse. [Doc. 8 at 3–8]. She further seeks attorney fees and costs for improvident removal. [*Id.* at 8–9]. On September 3, 2021, First-Citizens responded, asserting (1) the presence of diversity jurisdiction, and (2) fraudulent joinder of Ms. Parker. The latter contention is based on Ms. Parker lacking employer status under the WVHRA. On September 20, 2021, Ms. Fleshman-Massey replied, contending (1) the fraudulent joinder theory is untimely and waived, and (2) Ms. Parker is a proper party under the WVHRA. [Doc. 13].

## II.

### A. Governing Law

The Supreme Court of the United States has "often explained that '[f]ederal courts are courts of limited jurisdiction.'" *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (alteration in original) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). This view is consistent with the United States Court of Appeals for the Fourth Circuit's strict construction of removal jurisdiction in view of "significant federalism concerns." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994); *see also Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 390 (4th Cir. 2018); *Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005) (stating that federal courts "are obliged to construe removal jurisdiction strictly").

One corollary to this restrictive approach is that the removing party is obliged to demonstrate that federal jurisdiction exists. *See Md. Stadium Auth.*, 407 F.3d at 260; *see also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) ("Subject-matter jurisdiction cannot be conferred by the parties, nor can a defect in subject-matter

jurisdiction be waived by the parties. Accordingly, questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court."). If the district court determines that it "lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

**B.     Analysis**

### 1.  Diversity Jurisdiction

Diversity jurisdiction exists where "the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties." *Jackson*, 139 S. Ct. at 1746; 28 U.S.C. § 1332(a)(1). Our Court of Appeals has observed that section 1332(a) "has long been interpreted to require complete diversity: no plaintiff may be a citizen of the same state as any defendant." *Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 222 (4th Cir. 2019) (citation omitted).

First-Citizens admits that Ms. Fleshman-Massey and Ms. Parker are West Virginia citizens. Nevertheless, it contends that the removal prior to Ms. Parker being served obviates the necessity for complete diversity. First-Citizens relies upon what is commonly known as the "forum defendant rule":

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined *and served* as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2) (emphasis added). First-Citizens cites numerous cases putatively supporting its position. *See, e.g.*, *Texas Brine Co. v. Am. Arb. Ass'n*, 955 F.3d 482, 487 (5th Cir. 2020); *Gibbons v. Bristol-Meyers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019); *Encompass Ins. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 153 (3d Cir. 2018).

3

First-Citizens' approach is a variant of the "snap removal" rule permitted in most circuits. But the rule has no application here. In First-Citizens' cited cases, complete diversity existed. Here it does not. And that is fatal to removal. Section 1441(b)(2) of Title 28 provides that the action must be "otherwise removable solely on the basis of the jurisdiction under section 1332(a)." Stated more simply, complete diversity must exist under the first clause of section 1441(b)(2) in order to pull the removal trigger found in the second clause. Section 1441(b)(2) thus has no application here.

## 2. Fraudulent Joinder

Assuming First-Citizens was permitted to raise fraudulent joinder after omitting it from the Notice of Removal, the doctrine is inapplicable. Our Court of Appeals has observed as follows:

> "The party alleging fraudulent joinder bears a heavy burden -- it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999). The removing party must show either "'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Id.* (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir.1993)).
>
> The Defendants in this action rely on the latter, "no possibility" formulation, in which a plaintiff's claim against a non-diverse defendant "need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted." *Marshall*, 6 F.3d at 233. This standard heavily favors the [plaintiffs], who must show only a "glimmer of hope" of succeeding against the non-diverse defendants. *Mayes*, 198 F.3d at 466. Moreover, when considering whether the Johnsons have satisfied this standard, we must resolve all legal and factual issues in their favor. *Id.* at 465. "[T]his standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." *Id.* (quoting *Hartley*, 187 F.3d at 424).

*Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015).

4

The Supreme Court of Appeals of West Virginia recently discussed the pleading requirements for the claim alleged here against Ms. Parker:

> One may be held liable for aiding and abetting a violation of the West Virginia Human Rights Act, W. Va. Code §§ 5-11-1 to -20, if he or she knows that another person's conduct constitutes a violation of the act and gives substantial assistance or encouragement to the other's conduct.

Syl. Pt. 3, *Boone v. Activate Healthcare, LLC*, --- W. Va. ---, ---, 859 S.E.2d 419, 420 (2021).

Without citing the provision of the WVHRA that gives rise to her claim, namely, *West Virginia Code* § 5-11-9(7), Ms. Fleshman-Massey alleges, in unadorned fashion, that Ms. Parker "aided, abetted, incited, compelled and/or coerced" First-Citizens to terminate her due to her age. The allegation is little more than a formulaic recitation of § 5-11-9(7). The claim thus may be susceptible to dismissal pursuant to *Federal Rule of Civil Procedure* 12(b)(6). But, under the fraudulent joinder standard, it is enough for the claim to raise "a possibility of a right to relief" bearing just a "glimmer of hope"; the transparently slapdash claim against Ms. Parker thus minimally satisfies the abundantly lenient formulation.

Accordingly, given the possibility for relief, the Court **GRANTS** Ms. Fleshman-Massey's Motion to Remand.

### 3. Attorney Fees and Costs

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has noted, however, that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447 only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

Complete diversity is absent; removal was improper. Additionally, First-Citizens

relied upon multiple cases that were clearly inapposite under the circumstances. Furthermore, after entirely omitting fraudulent joinder from the Notice of Removal, First-Citizens attempted to raise the contention in its briefing, despite the failure to first seek amendment of its removal notice. And that last-minute effort on its part was an utter failure; First-Citizens' leap fell far short of clearing the exceptionally high bar imposed by the governing standard.

Accordingly, Ms. Fleshman-Massey is entitled to a fee and costs award based upon the objectively unreasonable removal. It is thus **ORDERED** that, absent an amicable adjustment between the parties, Ms. Fleshman-Massey file, on or before October 29, 2021, a petition for fees and costs containing an itemized recitation of the hourly substance and costs devoted to obtaining remand.

### III.

Based upon the foregoing discussion, the Court **GRANTS** Ms. Fleshman-Massey's Motion to Remand [Doc. 7], along with the fees and costs devoted to obtaining remand. The Court **REMANDS** this action to the Circuit Court of Greenbrier County.

The Court directs the Clerk to transmit a copy of this written opinion and order to any counsel of record and any unrepresented party and a certified copy to the Clerk of the Circuit Court of Greenbrier County.

ENTER: October 12, 2021

Frank W. Volk
United States District Judge